KITTIE A. JEFFRIES ET AL. *v.* FRANCES A. JEFFRIES.

CHANCERY PRACTICE. *Amendment.*

> Even after a cause has been set down for argument and final hearing, it is error to refuse leave to complainant to amend his bill to cure a variance between its allegations and the evidence, where the variance is first disclosed by a deposition of a witness, which is filed less than a week before the court meets, and where the amendment will not change the real controversy.

APPEAL from the chancery court of Noxubee county.

HON. T. B. GRAHAM, Chancellor.

The bill in this cause was filed by Mary A. Stewart, Kittie A. Jeffries, and Mary V. Stewart, seeking to enjoin the appellee, Frances A. Jeffries, from selling under execution certain lands which the latter had levied upon under a judgment against Mary A. Stewart. Kittie A. Jeffries and Mary V. Stewart hold the land under conveyance from Mary A. Stewart, their mother, which is voluntary in form, and being subsequent to the debt secured by the judgment of appellee is *prima facie* void as against said judgment. The bill states that while the legal title was in Mary A. Stewart and the conveyance was in form a donation, that Kittie A. Jeffries and Mary V. Stewart were the equitable owners of the land, that Mary A. Stewart held only the naked legal title, whereas the lands were acquired by her by the investment of certain funds belonging to the said Kittie A. and Mary V.

After the cause had been set down for final hearing upon the bill, answer and proofs, and after argument, the chancellor intimated that by reason of a variance between the allegations of the bill and the evidence, he would dissolve the injunction as to the lands claimed by Kittie A. Jeffries and Mary V. Stewart under the conveyance from Mary A. Stewart, and dismiss the bill as to them without prejudice. These complainants thereupon moved that the case be remanded to rules, and that they be allowed to amend their bill by making it conform to the evidence. This motion was denied and the bill dismissed as to Kittie A. Jeffries and Mary V. Stewart, without prejudice.

The further facts appear in the opinion of the court.

*Bogle & Bogle,* for appellants and cross-appellees.

The variance between the allegations of the bill and the evidence was insignificant and wholly immaterial. The real gravamen of the bill, the essential equity upon which it is bottomed, is the alleged equitable interest of the appellants in the land prior to the deeds to them, and prior to the judgment against Mary A. Stewart. The latter in making the deeds to appellants was only doing what a court of equity would require her to do, and therefore the lands were not liable to the judgment against Mary A. Stewart. The variance was immaterial—it is in the details only—in the statement of one of the links of the chain of title, and not in the nature and condition of the title at the time the alleged rights of appellee accrued. The relief prayed for was proper under the proof. But even if the variance was material, the amendment should have been allowed, as it did not seek to change the nature of the controversy.

*Rives & Rives,* for appellee and cross-appellant.

Complainants were too late in asking for leave to amend their bill. The cause had been submitted not only on motion to dissolve but on final hearing by consent of all parties.

The amendment would have introduced *new* and *independent,* matter as grounds of relief. That matter was certainly known to complainants when they filed the original bill. Mrs. Stewart, one of the complainants, and mother of the other complainants, made the application of the funds and knew how they were applied. To have permitted the amendment at that late time would have been placing a premium upon negligence and laches. *Walker* v. *Brown,* 45 Miss. 618. Besides, the amendment would have changed the frame and essential character of the bill. *Miazza* v. *Yerger,* 53 Miss. 136 ; *Wright* v. *Frank,* 61 Miss. 32.

COOPER, J., delivered the opinion of the court.

The real controversy between the complainants, Kittie A. Jeffries and Mary A. Stewart and the defendant, Frances A. Jeffries, is this :

These complainants hold under conveyances from Mary A. Stew-

art, the judgment debtor of Frances A. Jeffries, which are *prima facie* voluntary, wherefore the lands conveyed to them are subject to be sold for the payment of her judgment against the grantor. The complainants charge, however, that only the legal title was in the grantor, and that the beneficial or equitable interest was in them before the conveyance. Stating the history of their right, they say that James A. Stewart, their father, died testate, devising and bequeathing his estate in equal parts to his widow, Mary A. Stewart, and his children, but giving her power to sell any property of the estate and to change its form from time to time as she might deem best for the interest of all parties; that as the children came of age she was directed or requested to portion them with such parts of the estate as she might think could be given off without prejudice to the support of herself and the younger children, and when the youngest child should come of age or marry, the whole estate was to be divided.

The lands conveyed to them they say were acquired by the investment of the proceeds of a life policy on the life of their father, in which the widow and children were equally interested under the will. They aver that the widow took title to herself, but recognizing the equitable rights of the children, conveyed portions of the land to them in severalty as they became of age, and that the conveyances under which they claim were, in truth, in execution of the will of their father and were not donations by their mother, the grantor.

The evidence developed the fact that the lands belonged to the testator at the time of the execution of his will, but were afterward sold by him and the notes of the purchaser given for the price secured by mortgage on the land. After his death the lands were sold under foreclosure of the mortgage, and were bought in by the widow, who paid her bid by crediting the same on the debt secured by the mortgage. The facts relative to the purchase were proved by the attorney who had represented the widow in securing the sale and in acquiring the deed. This attorney is now a non-resident of this state and his deposition disclosing the facts was filed in court only a few days before the final

hearing. The cause having been set for hearing, came on for argument, and the chancellor having intimated that there was a variance between the averment of the bill and the proof, the complainants asked leave to amend their bill by striking out the allegation that the land had been paid for from the proceeds of the life policy, and to substitute therefor a statement in conformity with the evidence on the subject. This the chancellor declined to permit, but dismissed the bill as to these complainants without prejudice.

We think the amendment should have been permitted. The code declares that, "Amendments shall be allowed in the pleadings and proceedings, on liberal terms, to prevent delay and injustice." Section 1881.

It is true the application came at a late stage in the proceedings, but the record suggests that the variance had not been noticed until the chancellor remarked upon it during the argument. The deposition of the witness had been on file less than a week before the hearing was had, and in no event could the amendment have been made at an earlier time unless an order had been obtained in vacation. The cause made by the bill as exhibited and as it would have been by the amendment, is practically the same. The real fact in controversy was whether complainants were volunteers or held the land by the terms of their father's will. In the one case the execution creditor must succeed, in the other the complainants would prevail. The amendment would only serve to change a specific allegation as to what particular part of their father's estate was invested in the land. It did not at all change the real controversy and should have been allowed.

*The decree is reversed and cause remanded on the appeal of Kittie A. Jeffries and Mary A. Stewart. Otherwise it is affirmed.*

*R. G. Rives*, of counsel for appellee, filed a suggestion of error and brief in support of it. The response of the court thereto states the only point made by counsel that is noticed by the court.

Response to suggestion of error. COOPER, J.

Our attention is called by counsel for Mrs. Frances A. Jeffries to

the fact that the pleadings of complainants do not state anything in reference to the will of James A. Stewart, but that complainants based their claim for relief solely upon the ground that the land in controversy was paid for by the proceeds of a life policy on his life in which they were interested, and that it is only by the proof that the will of Stewart appears. Since the application was to amend the pleadings to make them conform to the evidence, it is immaterial to the substance of things that the facts found in the record appear in evidence and not in the pleadings. We inadvertently fell into the harmless error of assigning a fact in evidence to the position of a fact averred, but the mistake is of no consequence, and we reply to it only to say that it is not of sufficient importance to make it necessary to change the form of the opinion already delivered. The other errors suggested are made upon mistaken assumption that the opinion settles the rights of the parties. We have decided nothing but that the amendment should be permitted so that the real rights of the parties may be brought before the court for decision.